# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLSTATE INSURANCE CO. | : | |
| a/s/o STACIE & ALBERTO VELEZ, et al., | : | |
|     Plaintiffs | : | |
| | : | No. 1:13-cv-02559 |
| v. | : | |
| | : | |
| HEWLETT-PACKARD CO., | : | (Judge Kane) |
|     Defendant/Third-Party Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| SAMSUNG SDI CO., LTD., et al., | : | |
|     Third-Party Defendants | : | |

-----------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| ALLSTATE INSURANCE CO., | : | |
|     Plaintiff | : | |
| | : | No. 1:14-cv-00559 |
| v. | : | |
| | : | |
| SAMSUNG SDI CO., LTD., et al., | : | (Judge Kane) |
|     Defendants | : | |

## MEMORANDUM

Before the Court is Defendant Samsung SDI Co., Ltd.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). (No. 1:13-cv-02559, Doc. No. 31.) For the reasons that follow, the Court will deny Defendant's motion. The Court will also order that the civil cases Allstate Insurance Company, et al. v. Hewlett-Packard Company, No. 1:13-cv-02559, and Allstate Insurance Company v. Samsung SDI, et al., No. 1:14-cv-00559, be consolidated into one action for all purposes.

## I.     BACKGROUND

### A.     The above-captioned actions

This order concerns two different lawsuits filed in this Court.  On October 14, 2013, Plaintiff Allstate Insurance Company, as subrogee of Stacie and Alberto Velez, filed a complaint against Defendant Hewlett-Packard Company in the civil action captioned <u>Allstate Insurance Company, et al. v. Hewlett-Packard Company</u>, No. 1:13-cv-02559.  (No. 1:13-cv-02559, Doc. No. 1.)  Plaintiff alleges that a computer manufactured by Defendant Hewlett-Packard caused a fire at the home of the insured and seeks recovery for the money it paid out in insurance as a result of the fire.  (<u>Id.</u>)

Meanwhile, on March 25, 2014, Plaintiff Allstate Insurance Company, as subrogee of Stacie and Alberto Velez, filed in this Court a separate civil action captioned <u>Allstate Insurance Company v. Samsung SDI</u>, <u>et</u> <u>al.</u>, No. 1:14-cv-00559.  (No. 1:14-cv-00559, Doc. No. 1.)  In its complaint, Plaintiff Allstate seeks recovery from Samsung SDI Co., Ltd., and Samsung SDI America, Inc.,[1] (collectively "Samsung Defendants") arising out of the same incident detailed in <u>Allstate Insurance Company, et al. v. Hewlett-Packard Company</u>, No. 1:13-cv-02559.  (<u>Id.</u>) Allstate alleges that the Hewlett-Packard computer contained a battery distributed by the Samsung Defendants, and that this battery was a cause of the fire.  (<u>Id.</u>)

Thereafter, on June 2, 2014 the Court granted Defendant Hewlett-Packard's motion seeking leave to add the Samsung Defendants as third-party defendants to the 2013 action. (No. 1:13-cv-02559, Doc. No. 19.)  That same day, Defendant Hewlett-Packard filed its third-party

---

[1] The two "Samsung Defendants" are related companies with different headquarters. It appears that Samsung SDI Co., Ltd. is located in Korea.

complaint against the Samsung Defendants. (No. 1:13-cv-02559, Doc. No. 20.) Additionally, on July 31, 2014, the Court granted Stacie and Alberto Velez's motion to intervene as Plaintiffs to recover losses not covered by their insurance, and they have since filed an intervenor complaint against Hewlett-Packard in the 2013 action. (No. 1:13-cv-02559, Doc. Nos. 23, 24.) Neither Hewlett-Packard nor the Velezes are, at this time, parties to the 2014 action.

### B.    Consolidation

On September 19, 2014, the Court, noting that both of the above-captioned actions appeared to arise out of common questions of law and fact, ordered the parties to show cause why the cases should not be consolidated. (No. 1:13-cv-02559, Doc. No. 26.) Michael Boomsma, counsel for Samsung Defendants in the first action,[2] filed a response in which he indicated that while the Samsung Defendants did not object to consolidation for the limited purposes of conducting discovery, they did object to consolidation of the cases for all other purposes. (No. 1:13-cv-02559, Doc. No. 30.) The Court subsequently held telephone conferences on October 21 and December 5, 2014. (No. 1:14-cv-00559, Doc. Nos. 11, 16.) At the December 5 conference, the Court permitted the parties to file letter briefs concerning the issue of consolidation.

Defendant/Third-Party Plaintiff in the 2013 action, Hewlett-Packard, filed a response in which it requests that the Court consolidate the actions for all purposes. (No. 1:13-cv-02559, Doc. No. 40.) It contends that the actions contain common questions of law and fact and that consolidation would promote fairness and judicial economy. (Id.) The next day, Nicholas Donzuso, counsel for the Samsung Defendants in the 2014 action, filed a letter brief in which he

---

[2] The Samsung Defendants are represented by different counsel in each action.

states that the Samsung Defendants now oppose consolidation for any purpose. (No. 1:14-cv-00559, Doc. No. 20.) The Samsung contend that the 2013 case is much further along than the 2014 case, and that consolidation therefore threatens to cause them undue prejudice. (Id.) In the alternative, they renew their request that if the Court consolidates the actions, it should do so for the purpose of discovery only. (Id.) None of the other parties has filed papers indicating a position either for or against consolidation.

### C. Motion to dismiss pursuant to Rule 12(b)(5)

In the meantime, on October 15, 2014 Defendant Samsung SDI Co., Ltd. ("SDI Korea") filed a motion to dismiss for insufficient service of process. (No. 1:13-cv-02559, Doc. No. 31.) This motion was filed in the 2013 action only. Defendant SDI Korea contends that Hewlett-Packard has made no effort to serve the Korea-based Defendant. (Id.) Hewlett-Packard opposes the motion, arguing that they have in fact made a good faith effort to serve Defendant SDI Korea, a process that they contend is still ongoing.[3] (Doc. No. 34.)

## II. DISCUSSION[4]

The Court will first address SDI's motion to dismiss for insufficient process, which was

---

[3] There are also pending motions to dismiss in both above-captioned actions, on the grounds that personal jurisdiction has not been established over SDI Korea. (No. 1:13-cv-02559, Doc. No. 36, No. 1:14-cv-00559, Doc. No. 17.) Full briefing of those motions is still pending.

[4] For the sake of clarity, the Court will reiterate that the parties to the 2013 action are Plaintiff Allstate Insurance Company, as subrogee of Stacie and Alberto Velez; Plaintiffs Stacie and Alberto Velez; Third-Party Defendant/Third-Party Plaintiff Hewlett Packard Company; Third-Party Defendants, Samsung SDI Co., Ltd., and Samsung SDI America, Inc.
   The parties to the 2014 action are Plaintiff Allstate Insurance Company, as subrogee of Stacie and Alberto Velez, and Defendants Samsung SDI Co., Ltd., and Samsung SDI America, Inc.

filed in the 2013 action.  The Court will then address the issue of consolidation.

### A.     Motion to dismiss pursuant to 12(b)(5)

Neither party disputes that service upon SDI Korea must be effected in accordance with the Hague Convention.  (See No. 1:13-cv-02559, Doc. Nos. 32, 34.)  Defendant SDI Korea moves to dismiss in the 2013 case under Federal Rule of Civil Procedure 12(b)(5),[5] arguing that "Hewlett-Packard Company has not produced any documentation whatsoever that it has attempted to comply" with the relevant service provisions for serving a Korea-based corporation.  (No. 1:13-cv-02559, Doc. No. 32 at 5-6.)  Hewlett-Packard does not dispute that it has not yet effected service, but asserts that it has undertaken an effort to do so, and that it continues to attempt to serve process on SDI Korea.  (No. 1:13-cv-02559, Doc. No. 34.)

> Federal Rule of Civil Procedure 4(m) provides that:
>
> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. <u>This subdivision does not apply to service in a foreign country</u> pursuant to subdivision (f) . . .

Fed. R. Civ. P. 4(m)(emphasis added).  However, some courts in this district have recognized that the exemption from the 120-day time limit for service in a foreign country may not apply if a plaintiff makes no effort to serve the foreign defendant abroad.  See <u>Allstate Ins. Co. v. Funai Corp.</u>, 249 F.R.D. 157, 161 (M.D. Pa. 2008).

The Court agrees with Hewlett-Packard that the record indicates that they have made a good faith effort to serve SDI Korea.  Hewlett-Packard filed its third-party complaint against the

---

[5] Rule 12(b)(5) allows a party to move to dismiss for insufficient service of process.

Samsung Defendants on June 2, 2014.  (No. 1:13-cv-02559, Doc. No. 19.)  Three days later, in a letter to the SDI Korea, Hewlett-Packard requested that it waive service.  (Doc. No. 34 at 14, Ex. A.)  Hewlett-Packard asserts that on August 8, 2014, after the request for waiver of service was not returned (id. at 9), it sought to have the complaint served through the National Court Administration.[6]  (Id. at 17, Ex. B.)  Service was apparently refused because the complaint had not been translated into Korean.  (Id. at 21, Ex. C)  Hewlett-Packard states that they have again started the process of effecting service by translating the complaint into Korea, and intend to make a second request for service to the National Court Administration.  (Id. at 9-10.)  In view of the fact that the 120-day limit for service does not generally apply to service in foreign countries under Rule 4(m), and the evidence that Hewlett-Packard has sought and continues to seek to properly serve SDI Korea, the Court will not dismiss SDI Korea for insufficient service of process, and the motion will be denied.  See Funai Corp., 249 F.R.D. at 161 (quoting Nylok Corp. v. Fastener World Inc., 396 F.3d 805, 807 (7th Cir. 2005)) ("Courts have reasoned that the foreign country exception is a 'recogni[tion] that the timeliness of foreign service is often out of the plaintiff's control.'").

    **B.**    **Consolidation**

In response to the Court's suggestion that the actions be consolidated, Hewlett-Packard filed a letter brief in support of consolidation, contending that it would promote the efficient administration of justice.  (Id.)  The next day, counsel for the Samsung Defendants in the 2014 action filed a letter brief in which he states that the Samsung Defendants now oppose

---

[6] The National Court Administration for the Republic of South Korea is the designated organization for service of process in Korea under the Hague Convention.  (See Doc. No. 34 at 17, Ex. B.)

consolidation for any purposes. (No. 1:14-cv-00559, Doc. No. 20.) The Samsung Defendants contend that the 2013 case is much further along than the 2014 case, so consolidation threatens to cause them undue prejudice. (Id.) In the alternative, they assert that should the Court decide to consolidate the actions, it should do so for the purposes of discovery only. (Id.)

Rule 42 of the Federal Rules of Civil Procedure provides that a court may consolidate actions arising out of a common question of law or fact. Fed. R. Civ. P. 42(a). To facilitate the administration of justice, district courts are afforded broad power to consolidate actions, whether on motion of a party or sua sponte. Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc., 339 F.2d 673, 675 (3d Cir. 1964). In considering consolidation, "the court must balance the savings of time and effort gained through consolidation against the prejudice, inconvenience, or expense that it might cause." Demchak Partners Ltd. P'ship v. Chesapeake Appalachia, LLC., No. 13-2289, 2014 WL 4955259, at *10 (M.D. Pa. Sept. 30, 2014).

The Court is satisfied that the above-captioned actions share common questions of law and fact, and that consolidation would facilitate the efficient administration of justice. As the Samsung Defendants concede, there are many common questions of law and fact – both complaints arise out the same house fire and an allegedly malfunctioning battery produced and distributed by the Samsung Defendants, and the parties bring similar claims. The Samsung Defendants nevertheless argue that they will be prejudiced because the 2013 action is much further along than the 2014 action, and consolidation will delay resolution of the latter case. (No. 1:14-cv-00559, Doc. No. 17.) However, the Court finds that any prejudice caused by the delay is greatly outweighed by the beneficial effect of consolidation. All parties to the 2014 action are also parties in the 2013 action and, as Hewlett-Packard argues, rulings and findings in

the 2013 case threaten to bind the parties to the 2014 case, or otherwise run the risk of creating confusion and conflicting outcomes.  It also appears to the Court that the same evidence is relevant in both actions.  See Russell v. United States, No. 12-0407, 2012 WL 2792239, at *2 (M.D. Pa. July 9, 2012) ("Where the evidence in one case is not relevant to the issues in the other, consolidation would create a likelihood of prejudice by confusing the issues.").  The Court concludes that judicial economy is best served by litigating these actions together; continuing to proceed separately is a poor use of the Court's – and the parties'– resources.  For example, SDI Korea has filed nearly identical motions to dismiss in both cases under the theory that personal jurisdiction has not been established over them regarding claims arising out of the allegedly malfunctioning battery.  A failure to consolidate these cases will continue to create essentially duplicative litigation; the Court can divine no meritorious reason for continuing down this path or to hold two separate trials in this case.

In the alternative, the Samsung Defendants argue that if the Court decides to consolidate the cases, it should do so for case management and discovery only, but the Court declines to limit its consolidation order.  The Samsung Defendants argue that consolidation for discovery and case management only will "prevent unfair prejudice," but the Samsung Defendants' only real argument concerning prejudice is that the cases are in very different stages – indeed, that discovery in the first action is technically completed.  As such, the Court fails to see how an order combining the cases for discovery and case management only will work to prevent this asserted prejudice to the Samsung Defendants.[7]  Accordingly, the Court will order the cases

---

[7] The Court observes that the Samsung Defendants did state in late September 2014 that they opposed consolidation for all purposes – but did not oppose consolidation exclusively for discovery – because the Samsung Defendants in the 2013 action intended to assert "case-specific

consolidated for all purposes.  An order consistent with this memorandum follows.

---

defenses." (No. 1:13-cv-02559, Doc. No. 30.)  This somewhat vague argument was not re-raised in their most recent letter brief, which was prepared by counsel in the 2014 case.  Although the Court does not expect the Samsung Defendants to reveal their defense strategies, Defendants did not explain  how consolidation for all purposes threatens their ability to defend this case.  The Court will therefore not abstain from consolidating the cases on this basis.