IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLSTATE INSURANCE CO.** | : | |
| a/s/o STACIE & ALBERTO VELEZ, et al., | : | |
| Plaintiffs | : | No. 1:13-cv-02559 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **HEWLETT-PACKARD Co., et al.,** | : | |
| Defendants | : | |

### MEMORANDUM

Before the Court is Defendant Samsung SDI Co., Ltd.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). (Doc. No. 75.) For the reasons that follow, the Court will grant the motion.

**I.  BACKGROUND**

This case arose out of a house fire that occurred at the Harrisburg, Pennsylvania home of Stacie and Alberto Velez. (Doc. No. 1 ¶ 11; 9 ¶¶ 3, 10-12.) On October 14, 2013, Plaintiff Allstate Insurance Company ("Allstate"), as subrogee of Stacie and Alberto Velez, filed a complaint against Defendant Hewlett-Packard Company ("Hewlett-Packard") alleging that the house fire at the Velez residence was caused by a malfunctioning Hewlett-Packard laptop. (Id. ¶¶ 10-12; 9 ¶¶ 10-12.) Defendant Hewlett-Packard, thereafter, filed a third-party complaint against Samsung SDI Co. Ltd. ("Samsung Korea") and Samsung SDI America, Inc. ("Samsung America") alleging that the battery in the subject laptop caused the house fire. (Doc. No. 20 ¶¶ 16, 18-19.)

In a separate action, Allstate, again as subrogee of Stacie and Alberto Velez, filed a complaint ("the Allstate Complaint") on March 25, 2014 against Samsung Korea and Samsung America. The Allstate Complaint was initially docketed in Allstate Insurance Company v.

1

Samsung SDI Co., Ltd., et al., No. 1:14-cv-00559. (No. 1:14-cv-00559, Doc. No. 1.) In the Allstate Complaint, Allstate alleged that the house fire was caused by the malfunction of an "HP laptop computer" and/or a "Samsung SDI battery" contained within the laptop. (Id. ¶¶ 10-12.)

On January 14, 2015, the Court consolidated the Allstate Complaint into the above-captioned case. (Doc. No. 47.) However, both before and after the January 14, 2015 consolidation, Defendant Samsung Korea has contested jurisdiction and reserved the right to challenge jurisdiction in other filings. (Doc. Nos. 31, 36, 48, 75; see also Doc. No. 72.) On October 15, 2014, Samsung Korea filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) on the grounds that Hewlett-Packard had not served Samsung Korea. (Doc. No. 31.) The Court denied Samsung Korea's 12(b)(5) motion after finding that Hewlett-Packard had attempted to properly serve the third-party complaint in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention").[1] (Doc. Nos. 46 at 5-6; 47; see Doc. No. 34 at 16-17.)

Similarly, on March 23, 2015, Samsung Korea moved the Court for a protective order requesting that it be permitted to refrain from participating in discovery "unless, and until, it is served with original process." (Doc. No. 57 ¶ 4; see Doc. No. 63.) On June 18, 2015, Hewlett-Packard submitted certification from South Korea that Samsung Korea was served with Hewlett-

---

[1] Hewlett-Packard attempted service abroad, albeit unsuccessfully, on August 8, 2014 – sixty-eight days after filing its third-party complaint on June 2, 2014 – by sending a request for service to South Korea's National Court Administration. (Doc. No. 34 at 16-21.) This Court denied Samsung Korea's 12(b)(5) motion as to Hewlett-Packard in light of "the evidence that Hewlett-Packard has sought and continues to seek to properly serve [Samsung] Korea." (Doc. No. 46 at 6.)

Packard's third-party complaint.[2] (See Doc. No. 67.) The Court accordingly denied as moot Samsung Korea's motion for a protective order. (Doc. No. 68.) Nonetheless, on July 17, 2015, this Court ordered that Samsung Korea could raise "challenges related to the sufficiency of service" of the Allstate Complaint, docketed initially as No. 1:14-cv-00559, that Allstate filed against Defendants Samsung Korea and Samsung America. (Doc. No. 72.)

On August 11, 2015, Defendant Samsung Korea filed the present motion to dismiss Allstate's claims against Samsung Korea pursuant to Federal Rule of Civil Procedure 12(b)(5). (Doc. No. 75.) Defendant Samsung Korea urges the Court to dismiss Samsung Korea because of Allstate's failure to properly and timely serve the South Korean corporation. (See id. ¶¶ 9, 16, 18-20.) The motion has been briefed and is ripe for disposition.

## II.    LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, "insufficiency of service of process," is one basis for which a defendant may seek dismissal of a complaint. Fed. R. Civ. P. 12(b)(5). In a motion under Rule 12(b)(5), "the party asserting the validity of service bears the burden of proof on that issue." Grand Entm't Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).

---

[2] The certificate that Hewlett-Packard submitted on June 18, 2015 tracked the model annexed to the Hague Convention and addressed the "method, the place and date of service, and the person to whom the document was delivered." (See Doc. No. 67.) Hewlett-Packard also submitted a sworn "proof of service" in support of the certificate. (Id.) As such, the Court found that Hewlett-Packard had met its burden of proving that it served Samsung Korea in compliance with the Hague Convention.

**III.   DISCUSSION**

At the time Samsung Korea filed the present Rule 12(b)(5) motion and its brief in support on August 11, 2015, Samsung Korea urged the Court to dismiss the Allstate Complaint as to Samsung Korea on three grounds: (1) the "Allstate Complaint has not been served upon Samsung Korea" (Doc. No. 75 ¶ 9); (2) Allstate had not filed a "proof of service" as required by the Hague Convention (Doc. Nos. 75 ¶¶ 15-16; 76 at 5); and, alternatively, (3) Allstate had failed to make a reasonable, timely effort to serve Samsung Korea (Doc. No. 75 ¶ 20).

However, since filing the Rule 12(b)(5) motion on August 11, 2015, Samsung Korea conceded in a surreply brief that it received service of process on August 13, 2015. (Doc. No. 80 at 2; see Doc. No. 78-3 at 3.) Therefore, only two of Samsung Korea's challenges to service remain: that Allstate has not filed a "proof of service" in accordance with the Hague Convention (Doc. Nos. 75 ¶ 15-16; 76 at 5); and, alternatively, that Allstate failed to make a reasonable, good faith effort to attempt timely service abroad (see Doc. Nos. 75 ¶ 18; 76 at 6-7; 80 at 2). Before turning to the merits of Samsung Korea's two remaining claims, the Court addresses Allstate's contention that Samsung Korea waived its present challenge to service of process.

**A.   Whether Samsung Korea waived its service of process challenge**

In its brief in opposition to Samsung Korea's Rule 12(b)(5) motion, Allstate responded that Samsung Korea waived its service challenge by not identifying service of process as an unresolved issue in the October 20, 2014 joint case management plan. (Doc. Nos. 78 at 1, 3; 79 at 2-3.) On August 28, 2015, without leave of court, Allstate filed an untimely, supplemental brief contending that Samsung Korea also waived its service of process challenge when it filed a Rule 12(b)(2) motion on November 26, 2014 that challenged personal jurisdiction. (Doc. No. 79 at 3, 5-6.)

The Court is unpersuaded by Allstate's waiver arguments. (Doc. No. 79 at 3, 5-6.) First, on October 15, 2014, Samsung Korea filed a Rule 12(b)(5) motion to dismiss for insufficient service stating "it does not appear at this time that service has been perfected against Defendant Samsung SDI Co., Ltd. in the action captioned Allstate Insurance Company v. Samsung SDI and Samsung SDI America, Inc., 1:14-cv-00559." (Doc. No. 31 ¶¶ 3, 5.) Second, this Court issued an order on July 17, 2015, following a conference call with the parties, providing that Samsung Korea may later challenge service of process "with regards to the complaint filed against it on March 25, 2014 by Allstate." (Doc. No. 72.) Accordingly, the Court turns to the merits of Samsung Korea's 12(b)(5) motion.

**B.     Whether Allstate served Samsung Korea pursuant to the Hague Convention**

Samsung Korea first contends that Allstate did not file "a proof of service relative to Samsung Korea." (See Doc. Nos. 75 ¶¶ 15-16; 76 at 5.) In essence, Samsung Korea challenges the validity of service by arguing that Allstate has failed to file a certificate of service as required by the Hague Convention. (See Doc. No. 75 ¶¶ 15-16.) After Samsung Korea filed the present motion and its supporting briefs, Allstate filed a purported "certificate of service" on September 25, 2015. (Doc. No. 82.) For the reasons stated below, the Court finds Samsung Korea's challenge persuasive.

Federal Rule of Civil Procedure 4(f) governs the service of individuals and corporations "located outside of the United States." See Braverman Kaskey, P.C. v. Toidze, 599 F. App'x 448, 452 (3d Cir. 2015); AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 420, 428 n.5 (1st Cir. 2015). Rule 4(f) provides, in relevant part, that:

> An individual … may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague

>Convention on the Service Abroad of Judicial and Extrajudicial Documents [in Civil or Commercial Matters]….

Fed. R. Civ. P. 4(f)(1). In fact, where service of process is "attempted abroad, the validity of that service is controlled by the Hague Convention, to the extent that the Convention applies." Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004) (citing Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 705 (1988)). Here, the Hague Convention governs the validity of Allstate's service abroad because the Republic of Korea ("South Korea") and the United States are signatories to the Hague Convention. (Doc. No. 76 at 4); see Burda Media, Inc. v. Viertel, 417 F.3d 292, 299-300 (2d Cir. 2005).

The "primary innovation" of the Hague Convention is its requirement that each signatory "establish a central authority to receive requests for service of documents from other countries." Volkswagenwerk Aktiengesellschaft, 486 U.S. at 698 (1988) (citing Hague Convention, 20 U.S.T. 361, Art. 2). The central authority serves the requests for service "by a method prescribed by the internal law of the receiving state" and, in turn, provides "a certificate of service that conforms to a specified model."[3] Id. at 699 (citing Hague Convention, 20 U.S.T. 361, Arts. 5-6). Article 6 of the Hague Convention states, in relevant part, that the "certificate shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered."[4] Hague Convention, 20 U.S.T. 361, Art. 6.

---

[3] South Korea has objected to Article 10 of the Hague Convention, which provides inter alia for "the freedom to send judicial documents, by postal channels, directly to persons abroad." Declarations, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=408&disp=resdn (last visited February 12, 2016). Therefore, "service of process from the United States to South Korea" must proceed, as described above, through South Korea's central authority. See Monagas v. Samsung Elecs. Am., Inc., No. 13-927, 2013 WL 5970977, at *2 (D. Conn. Nov. 8, 2013).

[4] Furthermore, Article 7 of the Hague Convention provides that "[t]he standard terms in the model annexed to the present Convention shall in all cases be written either in French or in English." Hague Convention, 20 U.S.T. 361, Art. 7.

Here, on September 25, 2015, Allstate filed an unsworn "certificate of service" representing that "service had been completed in compliance with the Hague Convention." (Doc. No. 82 at 1.)  In support thereof, Allstate attached its July 1, 2015 request to serve Samsung Korea, a blank certificate template, and a one-page, unsworn document that appears to be in Korean, dated on August 18, 2015 and formatted unlike the Hague Convention's "model" certificate.  (See id. at 2, 4-5, 7); Hague Convention, 20 U.S.T. 370.  Allstate's submission of the untranslated document leaves the Court to guess the document's contents and, thereby, unable to evaluate whether service is proper under the Hague Convention.  (Compare Doc. No. 82 at 1, 4, with Doc. No. 67 at 1-5.)

The Court is cognizant that "the failure to comply strictly with the Hague Convention is not automatically fatal to effective service."  Burda Media, Inc. v. Viertel, 417 F.3d 292, 301 (2d Cir. 2005.)  However, the Court cannot completely ignore Article 6 of the Hague Convention based on Allstate's unsworn affidavit and conclusory statements.  (Doc. No. 82.)  The purpose of requiring a certificate of service is to "confirm service, or lack thereof, under the Hague Convention."  Burda Media, Inc., 417 F.3d at 301.  Without any explanation as to the untranslated document's content or format, the Court cannot find that Allstate has met its burden of proving it complied with the Hague Convention.  Cf.  Burda Media, Inc., 417 F.3d at 302.  Accordingly, at this point, the Court must conclude that Allstate's service of process was improper for failure to comply with the Hague Convention.

**C.  Whether Allstate made a reasonable effort to attempt service abroad**

Samsung Korea alternatively contends that Allstate's service of process was neither proper nor timely because it failed to attempt service abroad in a timely manner.  (Doc. No. 75 ¶ 20; see Doc. No. 76 at 3.)  Specifically, Samsung Korea claims that Allstate did not attempt to

7

comply with the Hague Convention's service provisions until "over sixteen months" after filing the Allstate Complaint on March 25, 2014. (Doc. Nos. 75 ¶ 18; 76 at 6.) Allstate responds that it retained a third-party company in June 2015, (Doc. Nos. 78 at 2; 78-2 at 2; 79 at 4; see Doc. No. 78-3 at 3) and that service was attempted at least five times (Doc. No. 79 at 4; see Doc. No. 78 at 2). As discussed below, the Court is similarly persuaded by Samsung Korea's alternative challenge.

Prior to December 1, 2015, Federal Rule of Civil Procedure 4(m) provided that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).[5] Rule 4(m)'s 120-day time limit for service of process does "not apply to service in a foreign country." Id. This reflects the reality that "the timeliness of foreign service is often out of the plaintiff's control." Nylok Corp. v. Fastener World Inc., 396 F.3d 805, 807 (7th Cir. 2005). However, the United States Courts of Appeals for the Second, Seventh, Fifth and Eleventh Circuits have held that the time to serve process in a foreign country is not unlimited. See, e.g., Harris v. Orange S.A., No. 15-10553, 2015 WL 9583862, at *8 (11th Cir. Dec. 30, 2015); Lozano v. Bosdet, 693 F.3d 485, 488-89 (5th Cir. 2012); Nylok Corp, 396 F.3d at 807; USHA (India), Ltd. v. Honeywell Int'l, Inc., 421 F.3d 129, 133-34 (2d Cir. 2005); but cf. Lucas v. Natoli, 936 F.2d 432 (9th Cir. 1991).

The Second Circuit, for example, has "held inapplicable the foreign country exception to Federal Rule of Civil Procedure 4(m)'s 120-day time limit for service where a party did not

---

[5] "Effective in December 2015, Rule 4(m)'s deadline for serving process has been shortened; service must [generally] occur within 90 days of filing the complaint unless an extension is obtained from the court." 4 Fed. Prac. & Proc. Civ. § 1056 (4th ed.).

attempt service within the 120-day limit and 'ha[d] not exactly bent over backward to effect service.'" DEF v. ABC, 366 F. App'x 250, 253 (2d Cir. 2010) (quoting Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir.1985)).  Similarly, the Fifth and Eleventh Circuits have adopted "a 'flexible due diligence' standard" which permits a "plaintiff's complaint [to] be dismissed upon a showing that she failed to exercise diligence in attempting to effectuate service on a foreign defendant." Harris v. Orange S.A., 2015 WL 9583862 at *8; see Lozano, 693 F.3d at 488-89.  This Court is persuaded by the reasoning of these cases, and "finds that the exemption from the 120-day time limit for service in a foreign country does not apply where … the plaintiff has not made a reasonable, good faith effort to attempt service abroad during the 120-day period." Allstate Ins. Co. v. Funai Corp., 249 F.R.D. 157, 162 (M.D. Pa. 2008).

Here, the Court finds that Plaintiff Allstate failed to make a reasonable, good faith effort to attempt service abroad.  (Doc. No. 75 ¶ 20; see Doc. No. 76 at 3.)  The record indicates that Allstate did not attempt service abroad until June 2015, at least fourteen months after Allstate filed its March 25, 2014 complaint.[6]  (Doc. Nos. 78 at 2; 78-2 at 2; 79 at 4.)  In fact, the earliest documentation of attempted service is dated July 1, 2015.  (Doc. No. 82 at 2.)  This record of dilatoriness is underscored by the fact that Allstate did not serve Samsung Korea until August 13, 2015, some 506 days after filing the Allstate Complaint, or file the purported "certificate of service" until September 25, 2015.  (Doc. Nos. 79-1 at 12; 80 at 2.)

---

[6] In its brief in opposition, Allstate refers to "service efforts since October 14, 2015 [sic]," (Doc. No. 78 at 2), and "[the] Complaint ha[ving] been bounced back from Korea on at least four separate occasions" as of July 8, 2015 (Doc. No. 78-2 at 2; see Doc. Nos. 78 at 2; 79 at 7.).  The Court merely credits such references as indicating that Allstate first attempted to serve Samsung Korea, in accordance with the Hague Convention, at some point after October 14, 2014.  (See Doc. Nos. 78 at 2; 78-2 at 2; 78-4 at 2.)  However, even assuming arguendo that Allstate did first attempt service abroad on October 14, 2014, the Court finds that Rule 4(m)'s exception from the 120-day time limit for service does not apply because October 14, 2014 is 205 days from the date Allstate filed the Allstate Complaint.

Accordingly, because Allstate did not attempt service abroad until June 2015 and lacked good cause for the extraordinary delay, the Court concludes that Rule 4(m)'s exception from the 120-day time limit for service does not apply and dismissal is proper under the circumstances. DEF v. ABC, 366 F. App'x 250, 253 (2d Cir. 2010); see USHA (India), Ltd., 421 F.3d at 134.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendant Samsung Korea's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). An order consistent with this memorandum follows.